# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| BRADFORD PEDDIE, | ) | **FILED: OCTOBER 22, 2008** |
| | ) | **08CV6064** |
| Plaintiff, | ) | **JUDGE KENDALL** |
| | ) | **MAGISTRATE JUDGE NOLAN** |
| vs. | ) No. | **AEE** |
| | ) | |
| VIKING COLLECTION SERVICE INC, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

BRADFORD PEDDIE (Plaintiff), by his attorneys, KROHN & MOSS, LTD., alleges the following against VIKING COLLECTION SERVICE INC (Defendant):

## INTRODUCTION

1. Plaintiff's Verified Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA). According to the FDCPA, the United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. *15 U.S.C. 1692(a) – (e).*

2. Plaintiff brings this action to challenge Defendant's actions with regard to attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff's damages.

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Because Defendant conducts business in the state of Illinois, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(1)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

8. Plaintiff is a natural person who resides in Addison, DuPage County, Illinois, and is allegedly obligated to pay a debt and is a "consumer" as that term is defined by *15 U.S.C. 1692a(3)*.

9. Defendant is a debt collector and sought to collect a consumer debt from Plaintiff which was due and owing or alleged to be due and owing from Plaintiff, and Plaintiff is a "debtor" as that term is defined by *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a national company with its headquarters in Minneapolis, Minnesota.

11. Defendant uses instrumentalities of interstate commerce or the mails in any business the

principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by *15 U.S.C. § 1692a(6)*.

12. Defendant is not a firm of attorneys or counselors at law and is a company who, in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection as that term is defined by *Cal. Civ. Code §1788.2(b)*, and is a "debt collector" as that term is defined by *Cal. Civ. Code §1788.2(c)*.

## FACTUAL ALLEGATIONS

13. Defendant constantly and continuously places collection calls to Plaintiff, at his home and his work, seeking and demanding payment for an alleged debt.

14. Defendant repeatedly spoke with third parties, Plaintiff's coworkers, in connection with the collection of Plaintiff's alleged debt (see Exhibit A).

15. Defendant failed to identity itself as a debt collector in subsequent communications

16. Defendant threatened to file a lawsuit against Plaintiff.

17. Defendant threatened to garnish Plaintiff's wages.

18. Defendant threatened to put a lien on Plaintiff's assets.

19. Defendant used abusive and offensive language while speaking with Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

20. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(b)* of the FDPCA by communicating with third parties in connection with the collection of Plaintiff's alleged debt (see Exhibit B).

    b. Defendant violated *§1692d(2)* of the FDCPA by using language that the natural

      consequences of was to abuse Plaintiff.

   c. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   d. Defendant violated *§1692e(4)* of the FDCPA by representing and implicating that nonpayment of Plaintiff's alleged debt would result in garnishment of Plaintiff's wages and a lien on Plaintiff's assets, even though Defendant did not intend to take such action.

   e. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication is from a debt collector.

21. As a direct and proximate result of one or more or all of the statutory violations above Plaintiff has suffered emotional distress (see Exhibit B).

WHEREFORE, Plaintiff, BRADFORD PEDDIE, respectfully requests judgment be entered against Defendant, VIKING COLLECTION SERVICE INC, for the following:

22. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

23. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

24. Actual damages,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

By: \_\_\_\_/s/ Adam J. Krohn_____
[ ] Adam Krohn
Attorneys for Plaintiff
Krohn & Moss, Ltd.
5055 Wilshire Blvd., Suite 300
Los Angeles, CA 90036

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BRADFORD PEDDIE, hereby demands trial by jury in this action.

Attorneys for Plaintiff
Krohn & Moss, Ltd.
5055 Wilshire Blvd., Suite 300
Los Angeles, CA 90036

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, BRADFORD PEDDIE, hereby demands trial by jury in this action.

### VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS)

Plaintiff, BRADFORD PEDDIE, states the following:
1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BRADFORD PEDDIE, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

10/13/08
_____
Date

_____
BRADFORD PEDDIE

# **EXHIBIT A**

Dear Sirs,

To the best of my knowledge, Viking Corporation has called for Brad Peddie 2-3 times within the last 4 months stating that they were a collection agency.

Mary Zapata
Rose Industrial Products
Office Manager


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


Over the past 6 months I have fielded at least 3 phone calls from
Viking Corp. They stated that they were looking for Brad and they were
a collection agency.


Best Regards,


Paul Freid
Rose Industrial Products
Ph:847-439-3665
Fax:847-439-3675
Cell:630-361-7174
email:pfreid21@gmail.com
paul@roseindustrial.com

**EXHIBIT B**

I have suffered from the following due to, or made worse by, the actions of the Defendant's debt collection activities:

1. Sleeplessness — **YES** NO
2. Fear of answering the telephone — **YES** NO
3. Nervousness — **YES** NO
4. Fear of answering the door — **YES** NO
5. Embarrassment when speaking with family or friends — **YES** NO
6. Depressions (sad, anxious, or "empty" moods) — **YES** NO
7. Chest pains — YES **NO**
8. Feelings of hopelessness, pessimism — YES **NO**
9. Feelings of guilt, worthlessness, helplessness — YES **NO**
10. Appetite and/or weight loss or overeating and weight gain — YES **NO**
11. Thoughts of death, suicide or suicide attempts — YES **NO**
12. Restlessness or irritability — YES NO
13. Headache, nausea, chronic pain or fatigue — YES NO
14. Negative impact on my job — **YES** NO
15. Negative impact on my relationships — YES **NO**

Other physical or emotional symptoms you believe are associated with abusive debt collection activities: _____

_____
_____
_____
_____
_____
_____

Pursuant to 28 U.S.C. § 1746(2), I hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 10/13/08

Signed Name: [signature]

Printed Name: BRADFORD L REDDIE